UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNAID RAMSEY HALL,<br><br>      Plaintiff,<br> v.<br><br>PIERCE COUNTY, *et al.*,<br><br>      Defendant. | CASE NO. 3:25-cv-05747-RAJ-GJL<br><br>ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Plaintiff Junaid Ramsey Hall is an inmate proceeding *pro se* and *in forma pauperis*. Dkts. 7, 8. Prior to the Court screening Plaintiff's Complaint, he filed a Motion to Amend (Dkt. 12) and a proposed First Amended Complaint ("FAC") (Dkt. 12-1).[1]

Having reviewed and screened Plaintiff's FAC under 28 U.S.C. § 1915A, the Court declines to serve the FAC. However, the Court **GRANTS** Plaintiff's Motion to Amend (Dkt. 12) and provides Plaintiff leave to file an amended pleading on or before November 6, 2025.

---

[1] Plaintiff's FAC acts as a complete substitute for his original Complaint and will be considered as the operative complaint in this case.

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT - 1

## I. BACKGROUND

Plaintiff, currently a pretrial detainee at Pierce County Jail ("PCJ"), initiated this civil rights action alleging violation of his Fourteenth Amendment rights while a trustee worker at that facility. In his sole claim for relief, Plaintiff alleges Defendant Torres improperly denied him rest breaks, meals, and access to his prescription medications during his PM Laundry work shifts. Plaintiff claims these deprivations caused him to suffer depression, anxiety, and to feel nauseous, dizzy, faint, and weak.

Plaintiff asserts Defendant Torres' supervisors, Defendants Braswell and Lincoln, knew of the violation of Plaintiff's rights but failed to remedy the situation. Plaintiff further alleges Defendant Pierce County failed to properly train PCJ staff to avoid the alleged violation of Plaintiff's Fourteenth Amendment Rights. Plaintiff's FAC seeks $100,000 in compensatory damages, $10,000,000 in punitive damages, and injunctive relief requiring Defendant Pierce County to provide additional training for PCJ staff regarding the necessity of meal and rest breaks for trustee workers.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

### III.    DISCUSSION

Upon review, the Court concludes the Plaintiff's proposed FAC fails to state a claim upon which relief can be granted. The Court notes the deficiencies set forth below.

**A.    Failure to State a § 1983 Claim**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Challenges

brought by pretrial detainees relating to the conditions of their confinement are properly analyzed under the Fourteenth Amendment's Due Process Clause. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citation and quotation omitted). To determine whether the conditions and conduct rise to the level of a constitutional violation, one must conduct an objective assessment that turns on the facts and circumstances of each particular case. *Id.*

In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). A "*de minimis* level of imposition" is insufficient to rise to the level of a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979). This means, not every inconvenience or restriction during pretrial detention amounts to unconstitutional punishment. *See Peyton v.*

*Cnty. of Ventura*, 2017 WL 6816355, at *2–3 (C.D. Cal. Aug. 23, 2017), *report and recommendation adopted by* 2018 WL 317791 (C.D. Cal. Jan. 3, 2018) (collecting cases).

As currently pled, Plaintiff has not alleged a substantial risk of suffering serious harm as required for a conditions of confinement claim. The FAC refers to three work shifts during which Plaintiff was denied a meal break. A "repeated and unjustified failure" to provide inmates adequate sustenance "amounts to a serious deprivation" in violation of the Constitution. *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 813 n. 2 (9th Cir. 2009) (denying two meals a day eight times over a period of twenty-three days sufficiently serious deprivation under the Eighth Amendment). But the deprivation of a single meal in isolated occurrences does not meet this standard. *See id.* at n.1 (denial of 2 meals on different days over a 9-week period was not sufficiently serious deprivation under the Eighth Amendment).

Here, the FAC alleges Plaintiff was denied meal breaks on July 11, 2025, August 3, 2025, and an unspecified date prior to July 11, 2025. Plaintiff's claimed deprivation of three meals over a period of several weeks is therefore inadequate to state a claim under the Fourteenth Amendment. Plaintiff also acknowledges he had access to food either during or right after two of the referenced work shifts in the FAC. Plaintiff alleges PCJ staff provided him with dinner after his approximately 6-hour work shift on July 11, 2025, and he split a chicken patty with a co-worker near the end of his approximately 6-hour work shift on August 3, 2025.[2] *See* Dkt. 12-1 at 5–6. At most, Plaintiff has alleged *de minimis* restrictions that do not rise to the level of a claim under the Fourteenth Amendment.

---

[2] Plaintiff alleges there was an additional work shift in which Defendant Torres denied him a meal break, but the FAC does not indicate the date, length of the shift, or whether Plaintiff had access to meals prior to, during, or after this work shift. *See* Dkt. 12-1 at 5.

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT - 5

1   Further, the FAC does not identify any statutory or constitutional basis for finding trustee
2   workers entitled to meal breaks or rest breaks during their shifts. Prisoners generally are not
3   protected by federal or state labor laws, since the economic realities of prison employment
4   seldom make them "employees" entitled to such protections. *See Morgan v. MacDonald*, 41 F.3d
5   1291, 1293 (9th Cir. 1994) (prisoner working under state statute requiring 40 hours weekly work
6   or training not "employee" under Fair Labor Standards Act); *see also Hale v. Arizona*, 993 F.2d
7   1387, 1392-98 (9th Cir.) (en banc) (prisoners working under state program requiring hard labor
8   not "employees"), *cert. denied*, 510 U.S. 946 (1993); *Castle v. Eurofresh, Inc.,* 731 F.3d 901,
9   908 (9th Cir. 2013) (prisoner working for prison contractor not employee under ADA because
10  his labor belongs to state). Comments made by another PCJ staff member that rest and meal
11  breaks should be provided to trustee workers during their 5-to-6-hour work shifts are not a
12  sufficient basis for finding a constitutionally protected right under the Fourteenth Amendment. In
13  any amended pleading, Plaintiff should identify a legal basis for finding trustee workers entitled
14  to rest and meal breaks during their shift.
15  On August 17, 2025, Plaintiff alleges Defendant Torres denied his request to visit the
16  nurse to get his prescription psychiatric medication for depression, mood swings, and anxiety.
17  *See* Dkt. 12-1 at 9–10. For a Fourteenth Amendment claim of inadequate medical care brought
18  by a pretrial detainee, "[t]he standard is one of 'objective deliberate indifference' in the face of a
19  'substantial risk' of the plaintiff 'suffering serious harm.'" *D'Braunstein v. Cal. Highway Patrol*,
20  131 F.4th 764, 769 (9th Cir. 2025) (quoting *Gordon*, 888 F.3d at 1124–25). It is unclear from the
21  FAC whether there was a substantial risk of serious harm to Plaintiff in delaying his prescribed
22  medication until the completion of his shift. Plaintiff does not indicate whether this medication is
23  typically provided on an as-needed basis. There are no allegations suggesting medical urgency
24

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT - 6

such that Defendant Torres' denial of Plaintiff's request was objectively unreasonable. Accordingly, Plaintiff has not sufficiently alleged an inadequate medical care claim under the Fourteenth Amendment.

While not specifically alleged in the FAC, Plaintiff appears to allege Defendant Torres retaliated against him in violation of the First Amendment. However, Plaintiff has not pled facts showing he suffered retaliation for his use of PCJ's internal grievance process. The FAC fails to connect the conclusory allegations of retaliation to Defendant Torres' specific conduct. Plaintiff alleges Defendant Torres denied him meals and rest breaks both before and after he filed a grievance against her.[3] Plaintiff alleges Defendant Torres threated to fire him from his position with PM Laundry both before and after he filed a grievance against her. Beyond broadly stating that Defendant Torres created a hostile and aggressive work environment in retaliation for his complaints, the FAC provides no specific examples of retaliation connected to Plaintiff's grievances. As alleged, Defendant Torres's conduct does not appear to change following Plaintiff's filing of internal grievances. Plaintiff's conclusory assertion that Defendant Torres retaliated against him is insufficient to plead a violation.

In sum, the FAC does not identify specific infringements of Plaintiff's constitutional requirements as required to bring a § 1983 claim.[4] If Plaintiff chooses to file a second amended complaint, he must set forth specific, plausible facts to support each of his claims. He must

---

[3] Plaintiff alleges Defendant Torres provided a meal break to two trustee workers "secretly" while excluding Plaintiff. *See* Dkt. 12-1 at 7. However, Plaintiff acknowledges two other trustee workers were also excluded from this meal break, suggesting it was unrelated to Plaintiff's grievances.

[4] Moreover, it appears Plaintiff's complaints have likely been resolved at the administrative level. Plaintiff alleges his request for a transfer from Defendant Torres' PM Laundry shift was granted on September 15, 2025. *See* Dkt. 12-1 at 11. Currently, Plaintiff alleges he works on the PM Kitchen shift and has not alleged any ongoing concerns pertaining to this new position. Given Plaintiff's transfer at the administrative level, it is not clear what unresolved concern Plaintiff is claiming in this federal action.

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT - 7

explain how those facts support a violation of his constitutional rights and specify when, where, and how any individual defendant personally participated in causing his alleged injuries.

**B.      Improperly Named Defendant**

As alleged, Pierce County is an improperly named Defendant in this action. To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–91 (1978). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–89.

Plaintiff asserts a failure to train claim against Defendant Pierce County but fails to allege facts that meet the stringent requirements for this type of claim. As discussed above, Plaintiff has not sufficiently alleged the deprivation of a constitutional right. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that a claim against an entity under *Monell* requires a plaintiff to show an underlying constitutional violation). Nor has Plaintiff alleged a "pattern of similar constitutional violations by untrained employees" as is "ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014). Accordingly, Pierce County is not a properly named defendant for Plaintiff's claims based upon Defendant Torres' individual

conduct. If Plaintiff seeks to sue Pierce County, he must allege facts sufficient to meet the required elements of a claim against a municipality and show Pierce County violated his constitutional rights as set forth above.

### C. Injunctive Relief

As Pierce County is not a properly named defendant, Plaintiff's request for injunctive relief requiring Pierce County to provide additional PCJ staff training similarly fails. Should Plaintiff file a second amended complaint, a request for injunctive relief must be narrowly tailored to Plaintiff's individual claims and properly named defendants before the Court.

To the extent Plaintiff seeks injunctive relief on behalf of others, individuals generally lack standing to bring claims on behalf of others unless they meet specific criteria such as being the legal representative of the injured party. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). Thus, in any amended pleading, Plaintiff must only assert claims based on his own injuries and not on behalf of PCJ trustee workers generally.

### IV.    MOTION TO AMEND

Plaintiff filed a Motion to Amend, wherein he requested amendment to more narrowly tailor his statement of claims and correct various typographical errors in the original complaint. Dkt. 12.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
>
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or

>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, Plaintiff's Complaint has not been served. Therefore, Plaintiff's Motion to Amend is **GRANTED** (Dkt. 12), and Plaintiff may file a second amended complaint.

However, as discussed above, the deprivation of meals and rest breaks as alleged in the FAC do not amount to a constitutional violation of his rights under the Fourteenth Amendment. *See* Section III, *supra*. Therefore, if Plaintiff seeks to file a second amended complaint, he must cure the deficiencies set forth above and sufficiently plead facts alleging a violation of Plaintiff's constitutional rights.

## V. CONCLUSION

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint containing a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint or FAC by reference. The second amended complaint will act as a complete substitute for the original Complaint and FAC, and not as a supplement. The Court will screen the second amended complaint to determine whether it contains factual allegations

linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before **November 6, 2025**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is **DIRECTED** to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

The Clerk is **DIRECTED** to send a copy of this Court's prisoner civil rights complaint form to Plaintiff, as well as copies of this Order to Plaintiff and to the Honorable Richard A. Jones.

Dated this 6th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT - 11